**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BERNADENE M. FISK, | ) |
| Plaintiff, | ) |
| v. | ) **Case No.:** 1:12-CV-0812(NAM/DRH) |
| NORTHSTAR LOCATION SERVICES, LLC, | ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant. | ) |

## COMPLAINT

BERNADENE M. FISK ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against NORTHSTAR LOCATION SERVICES, LLC. ("Defendant"):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the State of New York, and as such, personal jurisdiction is established.

1

4.      Venue in the Northern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person, who resides in Voorheesville, New York.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a debt collection company with its corporate headquarters located at 4228 Genesee Street, Cheektowaga, NY 14225.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and has contacted Plaintiff in an attempt to collect an alleged debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a Chase Bank credit card.

11.     The debt arose out of transactions that were primarily for personal, family, or household purposes.

12.     As Plaintiff has no business debt, the debt sought by Defendant could only have been for personal purposes.

13.     Between March 2012 and April 2012, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home and cellular telephones.

14.     Defendant regularly called Plaintiff more than three times in a day.

15.     On several occasions, Defendant called Plaintiff at least five times in a day.

2

16.     On or around April 13, 2012, Plaintiff's counsel sent Defendant written correspondence, advising Defendant of Plaintiff's representation by counsel, and further demanding Defendant cease and desist all communications with Plaintiff. A true and correct copy of Plaintiff's April 13, 2012 letter is attached hereto as Exhibit "A".

17.     Defendant received and signed this correspondence on or around April 18, 2012. A true and correct copy of the US Certified Mail Return Receipt for Plaintiff's letter is attached hereto as Exhibit "B".

18.     Despite the receipt of Plaintiff's cease and desist letter, Defendant continued calling Plaintiff though May of 2012.

19.     Defendant's communications with Plaintiff was harassing, abusive and unfair.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

20.     Section 1692c(a)(2) of the FDCPA prohibits debt collectors from communicating with an alleged debtor in connection with the alleged debt if the debt collector knows the consumer is represented by an attorney with respect to such debt.

21.     Defendant violated § 1692c(a)(2) of the FDCPA when it repeatedly attempted to contact Plaintiff via telephone, despite receiving a Cease and Desist letter Plaintiff's attorneys, notifying it that Plaintiff was represented by counsel.

## COUNT II
## DEFENDANT VIOLATED § 1692c(c) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22.     Section 1692c(c) of the FDCPA requires that debt collectors cease communications with alleged debtors, if the consumer notifies the debt collector in writing that

3

the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communication.

23.     Defendant violated § 1692c(c) by repeatedly attempting to establish telephone contact with Plaintiff, despite receiving the Cease and Desist letter from Plaintiff's counsel on or around April 18, 2012.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24.     Section 1692d of the FDCPA prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct in their attempts to collect an alleged consumer debt.

25.     Defendant violated § 1692d of the FDCPA when repeatedly and continuously placed telephone calls to Plaintiff's telephones, including such calls after Plaintiff's counsel had sent a letter advising Defendant of her representation, and demanding the calls cease, and when it engaged in other harassing conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26.     Section 1692d(5) of the FDCPA specifically enumerates repeatedly causing a telephone to right with intent to annoy, abuse, or harass as a violation.

27.     Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephones to ring repeatedly and continuously with the intent to annoy or harass Plaintiff.

PLAINTIFF'S COMPLAINT

## COUNT V
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

42.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

43.     Defendant violated section 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, and when it continued to call Plaintiff after receiving a cease and desist letter and being advised that Plaintiff was represented by counsel.

WHEREFORE, Plaintiff, BERNADENE M. FISK, respectfully pray for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BERNADENE M. FISK, demands a jury trial in this case.

DATED: May 15, 2012

DATED:  05/16/12                        KIMMEL & SILVERMAN, P.C.

                                        By:_____
                                           Craig Thor Kimmel
                                           Attorney ID # 2790038
                                           Attorney for Plaintiff
                                           Kimmel & Silverman, P.C.
                                           30 E. Butler Pike
                                           Ambler, PA 19002
                                           Phone: (215) 540-8888
                                           Fax: (877) 788-2864
                                           Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT